## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT VENCENT VASQUEZ,

      Plaintiff,

vs.                                                    No. CIV 22-0593 JB/DLM

NEW MEXICO DEPARTMENT OF
CORRECTIONS; ALISHA TAFOYA-
LUCERO, in her individual and official
capacity; THE WARDEN OF THE
PENITENTIARY OF NEW MEXICO;
DAVID S. FAJARDO or SHARLENE
HAGERMAN, in her individual and official
capacity; THE WARDEN OF GCCF OF
SANTA ROSA, JULIAN MARQUEZ, in his
individual and official capacity;
CORRECTIONS OFFICERS ANGEL
SANCHEZ and ANDRES SANCHEZ, in
their capacity as New Mexico Department of
Corrections Officers and in their individual
capacities, and DANIEL SEDILLO, in his
individual and official capacity,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court sua sponte to determine whether the Court has

jurisdiction and power to decide the pending motions.   The Court entered an Order, filed

September 29, 2023 (Doc. 45)("Order"), granting the Defendants' Motion to Dismiss Amended

Complaint for Violation of Constitutional Rights and Request for Declaratory and Injunctive

Relief as it Pertains to the Fourteenth and Eighth Amendment Violations and Discrimination Under

the Americans With Disabilities Act and for Qualified Immunity, filed October 10, 2022 (Doc.

16)("MTD").   The Order dismisses the Plaintiff Robert Vasquez' claims with prejudice.   <u>See</u> Order

at 21.   The Court dropped a footnote stating: "The Court will issue at a later date, however, a

Memorandum Opinion more fully detailing its rationale for this decision." Order at 1 n.1. The Court did not enter a Final Judgment.

Seven days later, on October 6, 2023, Vasquez filed a notice of appeal from the order. See Notice of Appeal at 1, filed October 6, 2023 (Doc. 46)("NOA"). The United States Court of Appeals for the Tenth Circuit did not dismiss the appeal, but wrote:

> This matter is before the court upon review of the appellant's docketing statement. It is unclear whether the district court has issued a final decision in this case. Although the district court's September 29, 2023 Order appears to have resolved all claims in the case, that Order expressly states that "The Court will issue at a later date, however, a Memorandum Opinion more fully detailing its rationale for this decision." ECF No. 45, n.1. In an abundance of caution, this court will abate this appeal pending the district court's entry of the Memorandum Opinion detailing its rationale. The appellant shall notify this court within five days after the district court issues its Memorandum Opinion.

Order, filed October 27, 2023 (Doc. 14), No. 23-2164.

On August 29, 2024, the Court filed its promised opinion. See Memorandum Opinion at 1, filed August 29, 2024 (Doc. 81)("MO"). Normally, the Court would have entered a Final Judgment on this opinion. Before the Court filed the MO, however, Vasquez filed a Motion to Set Aside Order, filed June 14, 2024 (Doc. 65)("Set-Aside Mot."). The Court looked at the declarations attached to the Set-Aside Mot., and was concerned that the declarations might, if pled in the amended complaint, get Vasquez over the Twombly/Iqbal threshold to state a claim for violations of his Fourteen and Eighth Amendment rights under color of state law and for discrimination under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The Court did not enter a Final Judgment.

## LAW REGARDING DISTRICT COURT JURISDICTION PENDING APPEAL

The general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for collateral matters not involved in the appeal. See McKissick v.

Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010); City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007). A district court generally, however, retains jurisdiction to enforce its judgments. See City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d at 394. See also Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d 1215, 1223 (8th Cir. 2006); Blue Cross & Blue Shield Ass'n v. Am. Express Co., 467 F.3d 634, 638 (7th Cir. 2006). Furthermore, a district court retains jurisdiction to enforce its orders or judgments through contempt proceedings following the filing of an appeal. See Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d at 1223. "If the judgment has been stayed or superseded, then the district court may not enforce it." Avendano v. Smith, No. 11-0556, 2011 WL 5223041, at *4 (D.N.M. Oct. 6, 2011)(Browning, J.)(citing Santibanez v. Wier McMahon & Co., 105 F.3d 234, 238 (5th Cir. 1997)).

Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure provides:

**(A)** If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

**(i)** for judgment under Rule 50(b);

**(ii)** to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

**(iii)** for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

**(iv)** to alter or amend the judgment under Rule 59;

**(v)** for a new trial under Rule 59; or

**(vi)** for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A). Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedures

provides:

> If a party files a notice of appeal after the court announces or enters a judgment --
> but before it disposes of any motion listed in Rule 4(a)(4)(A) -- the notice becomes
> effective to appeal a judgment or order, in whole or in part, when the order
> disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i).  The United States Court of Appeals for the Second Circuit has held

that a motion filed under rule 60(b) of the Federal Rules of Civil Procedure[1] which is filed after

the time period prescribed in rule 4(a)(4)(A) does not trigger rule 4(a)(4)(B)(i) of the Federal Rules

of Appellate Procedure:

> As the time for filing a Rule 59 motion cannot be enlarged, the District
> Court should have construed the untimely motion for a new trial as one for relief
> from judgment pursuant to Federal Rule of Civil Procedure 60(b).  Nevertheless,

---

[1]Rule 60(b) provides:

**(b)** Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion
and just terms, the court may relieve a party or its legal representative from a final
judgment, order, or proceeding for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could
> not have been discovered in time to move for a new trial under Rule
> 59(c);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is
> based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

according to its terms, Federal Rule of Appellate Procedure 4(a)(4) only stays the effectiveness of the notice of appeal if a pending Rule 60(b) motion was filed within ten days of the entry of judgment.

Burns v. King, 160 F. App'x 108, 111 n.2 (2d Cir. 2005)(unpublished)(citations omitted).

The Tenth Circuit has recognized that, in circumstances where a notice of appeal has been filed yet there is still a pending rule 60(b) motion for the district court to consider, the district court has jurisdiction to deny the motion on the merits but lacks jurisdiction to grant the motion. See Aldrich Enters., Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir. 1994)("Although it lacked jurisdiction to grant the Rule 60(b)(2) motion due to the appeal in No. 88-2575, the court was free to consider the motion, and the court could then . . . deny it on the merits . . . ."). If the district court is inclined to grant the rule 60(b) motion, the Tenth Circuit has instructed that a district court should "notif[y] [the Tenth Circuit] of its intention to grant the motion upon proper remand." Aldrich Enters., Inc. v. United States, 938 F.2d at 1143.

Rule 4(a)(5)(a) of the Federal Rules of Appellate Procedure provides:

**(A)** The district court may extend the time to file a notice of appeal if:

> **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

> **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

**(B)** A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

**(C)** No extension under this Rule 4 (a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5)(a) (emphasis added).

The Tenth Circuit has interpreted this provision as follows:

> The time parameters for filing notices of appeal are usually "mandatory and jurisdictional." _Browder v. Dir., Dep't of Corr.,_ 434 U.S. 257, 264 . . . (1978). In a civil case, the notice of appeal generally "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a); _see also_ 28 U.S.C. § 2107 (requiring a notice of appeal of a civil judgment to be filed within thirty days of judgment). The district court, however, may extend the time upon a showing of "excusable neglect or good cause," if a party moves for an extension no later than thirty days after the appeal time has expired. Fed. R. App. P. 4(a)(5)(A).
>
> The factors relevant to an excusable-neglect decision include "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." _City of Chanute[ v. Williams Natural Gas Co., 31 F.3d 1041,]_ 1046 [10th Cir. 1994] (quotation omitted). The time for taking an appeal should not be extended in the "absence of circumstances that are unique and extraordinary." _Gooch v. Skelly Oil Co.,_ 493 F.2d 366, 370 (10th Cir. 1974)(quotation omitted).
>
> The concept of good cause "take[s] account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite." _Mirpuri v. ACT Mfg., Inc.,_ 212 F.3d 624, 630 (1st Cir. 2000). Good cause comes into play "in situations in which there is no fault -- excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5) advisory committee's note (2002 Amendments).

Bishop v. Corsentino, 371 F.3d 1204, 1207 (10th Cir. 2004)(footnote omitted).

## ANALYSIS

The Court is concerned that it does not have jurisdiction, because the Tenth Circuit has docketed the appeal, not dismissed it. The Court has determined, nevertheless, that it can rule on these pending motions. "When a matter is appealable, the district court losses jurisdiction absent a certification of frivolousness." Kellogg v. Watts Guerra LLP, 41 F.4th 1246, 1259 (10th Cir. 2022)(citing Stewart v. Donges, 915 F.2d 572, 577-78 (10th Cir. 1990)). "But a party can't strip the district court of jurisdiction by prematurely appealing." Kellogg v. Watts Guerra LLP, 41 F.4th

at 1259 (citing <u>Howard v. Mail-Well Envelope Co.</u>, 150 F.3d 1227, 1229 (10th Cir. 1998)("[N]o transfer [of jurisdiction to the appellate court] occurs if the appeal is taken from a non-appealable order.").

      Vasquez has appealed the Court's Order, which is a non-appealable interlocutory order. He apparently recognizes it is interlocutory and can be changed by the Court, because he is asking the Court to vacate the Order and decide it differently.  His appeal is frivolous.  The Court will disregard the first notice of appeal and proceed to decide the pending motions.

      **IT IS ORDERED** that: (i) the Plaintiff's Notice of Appeal is frivolous; (ii) the Court retains jurisdiction of this case; and (iii) the Court will proceed to decide the pending motions.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Shavon M. Ayala
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Jason Michael Burnette
Kari E. Cole
Lindsay Fay Van Meter
GermanBurnette & Associates, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendants*