**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ROBERT VASQUEZ,**

Plaintiff,

v. No. 1:22-cv-0593 KG/DLM

**CORRECTIONS OFFICERS ANGEL SANCHEZ and ANDRES SANCHEZ,**

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court following an Order to Show Cause Hearing. (Doc. 162.) Ms. Shavon Ayala, counsel for Plaintiff, appeared in person at the hearing. (*See id.*)

**I. Background**

The Court recounts the relevant procedural history leading up to this hearing as follows:

- March 31, 2026: United States District Judge James O. Browning[1] granted in part Plaintiff's Second Motion to Amend Complaint. (Doc. 119.)

- April 28, 2026: Approximately one month passed, and Plaintiff did not file the Second Amended Complaint. Judge Browning set a status conference for June 11, 2026. (Doc. 120.)

- June 11, 2026: With no amended complaint yet filed, Judge Browning asked Ayala if Plaintiff wanted to prosecute the case. (Doc. 122 at 1.) Ayala asked for an additional three weeks (through July 2, 2026) to file the amended pleading. (*See id.*) The Court agreed. (*See id.*)

- June 25, 2026: Plaintiff filed an opposed motion to extend that deadline to July 10, 2026. (Doc. 123.)

- July 10, 2026: Without a ruling on the motion to extend, Plaintiff filed a "Notice" stating an intent "to coordinate" the deadline to file the Second Amended Complaint with a deadline in another case, No. 1:22-cv-0522 MIS/SCY, *Vasquez v. N.M. Dep't of Corr.* (D.N.M.), where Plaintiff had a July 24, 2026 deadline to respond to a motion for

[1] This matter has since been reassigned to Chief United States District Judge Kenneth J. Gonzales. (Doc. 129.)

summary judgment. (Doc. 128.)

- July 24, 2026: Again, without a ruling, Plaintiff filed another "Notice" stating his desire to "coordinate" the deadline to file the amended pleading with the response deadline in 22-cv-0522, now set for August 3, 2026. (Doc. 131.)

- July 27, 2026: The undersigned granted the motion to extend and directed Plaintiff to file the Second Amended Complaint no later than August 3, 2026. (Doc. 132.) The Court noted that it would "not consider any further requests for an extension absent good cause and *extraordinary* circumstances." (*Id.* at 2.)

- August 4, 2026: Plaintiff failed to file the amended pleading as ordered. The Court entered an Order to Show Cause. (Doc. 133.)

- August 4, 2026: Ayala arrived late to a scheduled telephonic status conference/show cause hearing. (*See* Doc. 134.) When asked why she did not file the amended complaint as ordered, Ayala said that she did not receive the CM/ECF email of the Court's July 27 Order. (*Id.* at 1.) The Court informed Ayala that her "failure to see an email is not good cause to extend a deadline." (*Id.*) Ayala sought another extension to file the pleading, which the Court denied. (*See id.* at 2.)

- August 19, 2026: The Court entered an Initial Scheduling Order, which required Plaintiff to file the Joint Status Report (JSR) no later than September 25, 2026. (Doc. 138 at 2.)

- September 28, 2026: Plaintiff failed to file the JSR as ordered. The Court entered an Order to Show Cause requiring Plaintiff to file the JSR and explain the failure to comply with the deadline no later than September 29, 2026. (Doc. 141.)

- September 30, 2026: Plaintiff failed to comply with the September 28 Order to Show Cause. Consequently, the Court entered the third Order to Show Cause in this matter, ordering Plaintiff to file the JSR no later than 12:00 p.m. on October 1, 2026, and converting the telephonic Scheduling Conference set for October 5, 2026, to an in-person hearing. (Doc. 143.)

- October 2, 2026: Ayala filed her first response to the Orders to Show Cause (Doc. 146) and an Emergency Motion to Appear Remotely and for Alternative Relief Concerning the Show Cause Hearing (Doc. 147). The Court denied the Emergency Motion the same day. (Doc. 148.)

- October 2, 2026: Ayala withdrew the first response to the Orders to Show Cause (*see* Doc. 149), filed an Amended Response (Doc. 150), and filed an Amended Emergency Motion to Appear Remotely and for Alternative Relief (Doc. 151). Ayala blamed her

inability to file the JSR on internet connectivity issues. (Doc. 150.) She asked to appear remotely or reset the hearing to a later date for in-person attendance because her car was being serviced. (Doc. 151.) The Court granted the Emergency Motion in part and reset the hearing to October 8, 2026, one day after Ayala stated that her car would be ready. (*See* Doc. 152; *see also* Doc. 151 at 2 (stating that "the repair work is expected to be completed[ on] October 7, 2026").)

- October 6, 2026: Ayala filed a third Emergency Motion seeking to appear at the hearing remotely. (Doc. 153.) The Court denied the motion. (Doc. 155.)

- October 7, 2026: Ayala filed a Motion to Extend (Doc. 156), withdrew the motion (Doc. 157), and filed a second Motion to Extend, asking the Court to reset the hearing to the afternoon of October 8, 2026 (Doc. 158). The Court granted the motion. (Doc. 159.)

- October 7, 2026: Ayala filed her fourth Emergency Motion, again asking the Court to allow her to appear remotely. (Doc. 160.) The Court denied the motion. (Doc. 161.)

## II. Discussion

In the past six months, Ayala has missed numerous Court-imposed (and self-imposed) deadlines. (*See* Docs. 122–23; 128; 131–33; 141; 143.) She has blamed her failures to comply with Court orders on email troubles and internet connectivity issues (*see* Docs. 134 at 1; 150), but the Court finds that Ayala has not shown good cause for these lapses.[2] Instead, it appears that Ayala lacks discipline, an effective time management and workflow structure, and support/resources to

[2] The Court notes orders in two cases that are relevant to Ayala's conduct here. First, United States Magistrate Judge Steven Yarbrough entered an Order and Notice Regarding Sanctionable Conduct in 1:22-cv-0522, *Vasquez* (Doc. 196) (D.N.M. June 17, 2025), describing "a lengthy history of [Ayala's] failures to obey—and even to read—Court orders." *See id.* at 1. Ayala has incurred monetary sanctions in the case for "vexatious litigation." *See, e.g.*, *id.*, Docs. 79; 125.

Additionally, Ayala represented Vasquez in an appeal of a third case filed in this court. *See Vasquez v. Perez*, No. 26-2095 (10th Cir. June 5, 2026). Vasquez filed the appeal on June 5, 2026. Ayala filed two motions to extend the time to submit Vasquez's brief. *See Vasquez*, No. 26-2095, Docs. 13; 15. The court granted Vasquez through August 27, 2026. *Id.*, Doc. 16. On August 28, 2026, when Vasquez failed to file the brief, appellee Gerardo Perez moved to dismiss. *Id.*, Doc. 17. Ayala then moved to extend the time to file the brief to August 28, 2026, and filed the appendix. *Id.*, Docs. 18–19. On August 31, 2026, the court filed a notice of deficient appendix and ordered Vasquez to refile one that complied no later than September 3, 2026. *Id.*, Doc. 21. On September 1, 2026, Ayala moved to extend the time to file the brief through that date. *Id.*, Doc. 25. The court ordered Vasquez to file the brief and corrected appendix no later than September 8, 2026. *Id.*, Doc. 26. On September 9, 2026, one day past the court-ordered deadline, Ayala filed the brief. *Id.*, Doc. 27. The court accepted the brief but ordered Vasquez to file a corrected appendix by September 14, 2026. *Id.*, Doc. 29. When that deadline passed, the court dismissed the appeal for lack of prosecution. *Id.*, Doc. 33.

help manage her solo legal practice. An experienced attorney understands that diligent representation requires prioritization, flexibility, creativity, and a basic knowledge of the technological tools our society uses. Repeatedly missing known deadlines and Court emails without good cause are not the hallmarks of professional competence.

"The ability to impose sanctions arises from the Federal Rules of Civil Procedure, federal statutes and the Court's inherent authority to control its own docket and to efficiently adjudicate cases or controversies properly before the Court." *Martinez v. CorrHealth, Pro. Ltd. Liab. Co.*, 771 F. Supp. 3d 1183, 1193–94 (D.N.M. 2025), *appeal dismissed sub nom. Martinez as Pers. Representative of Est. of Erickson v. CorrHealth*, No. 25-2041, 2025 WL 4694631 (10th Cir. Apr. 30, 2025); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991). Federal Rule of Civil Procedure 11 allows an attorney to be sanctioned when, for example, the attorney presents a motion for an improper purpose or if the claims or contentions therein are frivolous. Fed. R. Civ. P. 11(b)(1)–(2). "Federal Rule 16(f) permits sanctions when an attorney: fails to appear, is unprepared, or fails to obey orders." *Martinez*, 771 F. Supp. 3d at 1194 (discussing Fed. R. Civ. P. 16(f)). "And Rule 37 provides a basis for sanctions for discovery violations." *Id.* Under 28 U.S.C. § 1927, "an attorney who 'multiplies the proceedings in any case unreasonably and vexatiously' may be required 'to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'" *Id.* (quoting 28 U.S.C. § 1927). "Essentially, this statute was designed to sanction attorneys who intentionally, recklessly, or indifferently disregard their duties to the Court." *Id.* (citing *Obeslo v. Empower Cap. Mgmt., LLC*, 85 F.4th 991, 1005 (10th Cir. 2023)). "Importantly, sanctions under § 1927 do not require a finding of subjective bad faith, rather any conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court is sanctionable." *Obeslo*, 85 F.4th at 1005 (quotation marks and

citation omitted).

Ayala spends much of her argument trying to convince the Court that she did not *choose* to ignore Court-imposed deadlines. (*See, e.g.*, Doc. 150 at 1–2.) As the Court noted in a prior Order, however, Ayala "made the conscious decision to disregard the deadline [to file the JSR] without requesting an extension. She made that decision on September 25, September 28, September 29, September 30, and again on October 1 . . . ." (Doc. 155 at 1.) She knew there was a deadline, and she nevertheless failed to comply with it. The Court finds that her conduct was intentional and willful. *See, e.g.*, *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) (quoting *In re Standard Metals Corp.*, 817 F.2d 625, 629 (10th Cir.), *on reh'g sub nom. Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383 (10th Cir. 1987)) (noting that "a willful failure" to obey a discovery order is an "intentional failure as distinguished from involuntary compliance. *No wrongful intent need be shown*.") (emphasis added).

When asked why she did not work remotely from her laptop or access her work on cloud storage from a public computer, she described her challenges with technology. (*See* Doc. 162 at 1.) When asked why she did not file a paper copy of the JSR at the courthouse, she professed her ignorance of that possibility. (*See id.*) When asked why she did not reach out to opposing counsel for help filing the JSR, she responded that she did not think that would be prudent. (*See id.*) Ayala's responses make it clear to the Court that she would greatly benefit not from direct monetary sanctions, but from a mentor.

It is for this reason that the Court will impose the following requirement: Ayala must secure an attorney who will enter their appearance in this lawsuit no later than **November 9, 2026**. The attorney who associates with Ayala must have at least 15 years of civil litigation experience in this Court. The attorney will be required to attend all court hearings and conferences with Ayala and

work with her regularly as a mentor in this matter.

The Court will further require Ayala, no later than **October 26, 2026**, to file a copy of this Order in all cases in which she has entered an appearance in this Court and in all future cases in which she enters an appearance, whether newly filed or removed, for a period of two years from the date of this Order.

Failure to comply with this Order will be grounds for disciplinary proceedings under D.N.M. LR-Civ. 83.10 and/or a referral to the State Bar of New Mexico.

**IT IS SO ORDERED.**

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE